## Case No. 14,542.

### UNITED STATES v. BATES.

[2 Cranch, C. C. 1.] [1]

Circuit Court, District of Columbia. June Term, 1810.

FORGERY — DRAFT — RIGHT TO DRAW — WITNESS — DRAWEE.

1. The drawee of a forged draft is a competent witness to support the prosecution.

[Followed in U. S. v. Brown, Case No. 14,658. Cited in U. S. v. Anderson, Id. 14,452.]

2. To support an indictment for forgery, under the Maryland statute of 1799, c. 75, § 2, it is not necessary that the drawer should have a right to draw, or that the draft should purport to be by a person having a right to draw.

[Cited in U. S. v. Book, Case No. 14,624.]

Indictment under the act of assembly of Maryland of 1799, c. 75, § 2, for forging a draft upon Gustavus Higden, with intent to defraud him.

Higden was offered as a witness on the part of the United States. He had paid the order.

Mr. Caldwell, Mr. Balch, and Mr. Sprigg, for prisoner [William Bates], cited Peake, Ev. 96, 97.

But THE COURT (THRUSTON, Circuit Judge, absent), permitted the witness to be sworn and examined.

Verdict, "Guilty."

Motion in arrest of judgment, because it is not averred in the indictment that Arnol had a right to draw. 2 East, P. C. 936; Mitchell's Case, anno 1754, upon the act of 7 Geo. II. c. 22; the words of which are like those of the act of Maryland, except that it has not these words, which are in the Maryland act, "Or draught for the payment of money, or delivery of goods, or other valuable articles."

The order, or draft, was in these words: "Washington City, Jan'y 12, 1810. Mr. Higden—Sir, you will please let the bearer, James Gray, have 3½ dollars' worth out of your store, and oblige, Sir, your most obed't serv't, William Arnol."

---

## Case No. 14,543.

### UNITED STATES v. BATES.

[2 Cranch, C. C. 405.] [1]

Circuit Court, District of Columbia. April Term, 1823.

WITNESS — INTEREST — CRIMINAL PROSECUTION — TRIAL — RIGHT TO CLOSE.

1. A person who has given a receipt for goods to be delivered to other persons, is a competent witness for the United States, upon a prosecution against another person for stealing the goods.

[Cited in U. S. v. Anderson, Case No. 14,452.]

2. In all criminal prosecutions the attorney for the United States upon the general issue, has a right to close the argument before the jury.

Indictment for stealing a box of books.

Mr. Handy was offered as a witness for the United States.

Mr. Morfit and Mr. Ashton, for prisoner [David Bates]. objected that he was interested, as he had given a receipt for the books to B. French, stating them to be so many, more or less, to be delivered to sundry persons. They compared it to the case of forgery, where the person whose name is forged is not permitted to testify; and to the case of usury, where the debtor is not a competent witness until he has paid the debt.

But THE COURT (nem. con.) overruled the objection.

Mr. Morfit, after closing his argument to the jury, contended that the attorney for the United States should not be permitted to reply, inasmuch as the prisoner had not called any witness on his part, but relied on the defect of evidence on the part of the United States. King v. Lord Abingdon, 1 Esp. 227.

But THE COURT (nem. con.) said that, however the practice might be in England, in this court the attorney for the United

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

States has always had the right, in criminal prosecutions, to close the argument before the jury, upon the general issue.

Verdict, "Guilty." Pardoned by the president of the United States.